TWIN CITY PIPE LINE COMPANY v. CHAMBLESS.

Opinion delivered February 8, 1926.

GAS—PURCHASE OF PIPE LINES—RATES.—In the operation of the business of a public utility, such as a natural gas company, it must adhere to the rate fixed and applicable to it by the Railroad Commission, which fixed the rate, and the purchase of pipe lines owned by other gas companies whose rates have been fixed at different amounts of said Commission does not modify or change the rates of the purchasing company.

Appeal from Sebastian Chancery Court, Fort Smith District; J. V. Bourland, Chancellor; reversed.

Daily & Woods, for appellant.

HUMPHREYS, J. Appellees, who were domestic consumers of gas along the pipe lines originally owned by the Clear Creek Oil & Gas Company and the LaSalle Oil

& Gas Company, brought this suit in the chancery court of Sebastian County, Fort Smith District, to enjoin appellant, who had purchased the pipe lines in question from the original owners, from charging the flat rates theretofore fixed by the Arkansas Railroad Commission for its rural consumers, and to compel it to supply appellees with gas at the meter rates to rural consumers fixed by said Commission for the Clear Creek Oil & Gas Company and the LaSalle Oil & Gas Company while they were the owners of said pipe lines.

The issue joined by the pleadings and tried by the court was whether appellant was compelled to supply appellees with gas at the rates fixed by the Arkansas Railroad Commission for the Clear Creek Oil & Gas Company and the LaSalle Oil & Gas Company after purchasing from said companies the pipe lines through which appellees had theretofore been served with gas. Upon the record made the trial court ruled that the rates fixed by the Arkansas Railroad Commission for supplying gas by public utility companies to rural consumers attached to the pipe lines owned and operated by the respective utilities, and, for that reason, enjoined appellant from removing the meters along the newly acquired pipe lines and from imposing a flat rate, instead of a meter rate, upon appellees for furnishing gas to them, from which ruling and judgment an appeal has been duly prosecuted to this court.

The undisputed facts revealed by the record necessary to a determination of the only question involved on this appeal are as follows:

All the companies are public utilities engaged in transporting gas through pipe lines from the Crawford County gas field to their respective customers in Van Buren and Fort Smith, and to suburban factory districts. They all furnish gas to rural consumers residing near their pipe lines. Appellant company had furnished its domestic rural consumers gas prior to November, 1921, at a flat rate of $3 per month in the spring and sum-

mer, and $5 per month in the fall and winter. In November, 1921, it complied with. act 124 of the Acts of 1921, by filing its schedule of rates with the Arkansas Railroad Commission, which rates were approved by said Commission, the rates for domestic rural consumers being fixed at the flat rate theretofore charged by appellant. In 1922 the Clear Creek Oil & Gas Company and the LaSalle Oil & Gas Company applied for and obtained a meter rate which each might charge their domestic rural customers, which rate was twenty-five cents per thousand cubic feet of gas.     Meters were installed at the residences for the purpose of measuring the gas actually used by each consumer. In November, 1923, the Clear Creek Oil & Gas Company and the LaSalle Oil & Gas Company sold their pipe lines in Crawford County to appellant. As we understand the record, these pipe lines composed a part only of the physical properties of the selling carriers, and the corporations themselves were not taken over by appellant corporation. In other words, the sale did not work a merger or consolidation of the corporations. After the sale each corporation maintained its own identity and conducted its own business. Immediately after the purchase of said pipe lines by appellant company, it notified the domestic rural consumers of the selling carriers that from and after December 1, 1923, it would charge them the flat rate fixed by the Arkansas Railroad Commission for the gas used by them. A part of the consumers then brought this suit to enjoin appellant from imposing the flat rate upon them, with the result heretofore stated.

The solution of the question must depend upon whether the rate fixed by the Arkansas Railroad Commission is personal to a carrier, running with its franchise, or whether the rate attaches itself to the physical properties of each public utility. The rate, in our opinion, runs with the franchise or right of each public utility to do business. In the operation of the business of a public utility, it must adhere to the rate fixed and applicable to it until changed by the Arkansas Railroad

Commission, which fixed the original rate. Acts 124, Acts 1921. The purchase of pipe lines owned by other carriers whose rates have been fixed at different amounts by said Commission does not automatically modify or change the rates of a purchasing carrier theretofore fixed by the Commission. The sale and purchase of pipe lines do not affect the respective rates fixed by the Commission for each public utility. If the domestic consumers along the pipe lines of the selling utilities are not satisfied with the rates fixed for the purchasing utility on account of being exorbitant or unfair, their remedy was to apply to the Arkansas Railroad Commission for a reduction of the rates. Ample provision is made in the law for such procedure. Section 7 of act 124 of the Acts of 1921; sections 20 and 21 of act 124 of the Acts of 1921; *Fort Smith Light & Traction Company* v. *Bourland et al.*, 160 Ark. 1.

On account of the error indicated the decree is reversed, and the cause is remanded with directions to dismiss appellee's bill for injunction against the imposition of said rates.